# Supreme Court of Texas

No. 25-0149

In re Demaree Reed,

*Relator*

On Petition for Writ of Mandamus

JUSTICE SULLIVAN, joined by Justice Busby and Justice Hawkins, concurring.

As the Court correctly holds, Congress hasn't empowered the U.S. Surface Transportation Board to determine Rail Link, Inc.'s status as a common carrier under the Federal Employers' Liability Act. *Ante* at 9–19. But even if Congress had done so, I still wouldn't refer this case to the STB. We've never used the primary-jurisdiction doctrine to refer a case to a federal agency, only to state agencies. I wouldn't start now.

The U.S. Supreme Court invented the primary-jurisdiction doctrine as "one of those creative judicial labors whereby modern administrative law is being developed as part of our traditional system of law." *Far E. Conf. v. United States*, 342 U.S. 570, 575 (1952). As with other judicially created doctrines, "[n]o fixed formula exists for applying the doctrine of primary jurisdiction." *United States v. W. Pac. R.R.*, 352 U.S. 59, 64 (1956). Instead, a federal court will ask "whether

preliminary reference of issues to the agency will promote that proper working relationship between court and agency that the primary jurisdiction doctrine seeks to facilitate." *Pharm. Rsch. & Mfrs. of Am. v. Walsh*, 538 U.S. 644, 673 (2003) (Breyer, J., concurring in part). If the agency-expertise vibes check out, then the court will "stay[] further proceedings so as to give the parties reasonable opportunity to seek an administrative ruling." *Reiter v. Cooper*, 507 U.S. 258, 268 (1993). The primary-jurisdiction doctrine thus "allows a court to refer an issue to an agency that knows more about the issue, even if the agency hasn't been given exclusive jurisdiction to resolve it." *Arsberry v. Illinois*, 244 F.3d 558, 563 (7th Cir. 2001) (Posner, J.).

We've borrowed this judicial innovation from the federal courts. *See, e.g.*, *Cash Am. Int'l Inc. v. Bennett*, 35 S.W.3d 12, 18–19 (Tex. 2000) (citing *W. Pac. R.R.*, 352 U.S. at 63–65); *Gregg v. Delhi-Taylor Oil Corp.*, 344 S.W.2d 411, 414 (Tex. 1961) (citing *Kavanaugh v. Underwriters Life Ins.*, 231 S.W.2d 753, 755–56 (Tex. Civ. App.—Waco 1950, writ ref'd) (citing *Tex. & Pac. Ry. v. Abilene Cotton Oil Co.*, 204 U.S. 426 (1907))). In Texas, therefore, "[t]he judicially created primary jurisdiction doctrine operates to allocate power between courts and agencies when *both* have authority to make initial determinations in a dispute." *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) (citing *Foree v. Crown Cent. Petrol. Corp.*, 431 S.W.2d 312, 316 (Tex. 1968)). In such cases, the doctrine "requires trial courts to allow an administrative agency to initially decide an issue when: (1) an agency is typically staffed with experts trained in handling the complex problems in the agency's purview; and (2) great benefit is derived from

2

an agency's uniformly interpreting its laws, rules, and regulations, whereas courts and juries may reach different results under similar fact situations." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 208 (Tex. 2002). Unless, of course, the plaintiff's claims are "inherently judicial in nature"—whatever that means. *Forest Oil Corp. v. El Rucio Land & Cattle Co.*, 518 S.W.3d 422, 430 (Tex. 2017) (quoting *Amarillo Oil Co. v. Energy-Agri Prods., Inc.*, 794 S.W.2d 20, 26 (Tex. 1990)).

I'd be open to revisiting Texas's primary-jurisdiction doctrine in an appropriate case, because it doesn't "appear to be rooted in positive law, like a statute or a constitution." *Smith v. Hi-Tech Pharms., Inc.*, 891 S.E.2d 923, 926 (Ga. 2023) (Pinson, J., concurring in the denial of certiorari). And I certainly wouldn't extend the primary-jurisdiction doctrine beyond the cases in which this Court has applied it, all of which referred issues to state agencies rather than federal agencies. *See, e.g.*, *In re Sw. Bell Tel. Co.*, 226 S.W.3d 400, 403–04 (Tex. 2007) (Public Utility Commission of Texas); *Butnaru*, 84 S.W.3d at 208–09 (Texas Motor Vehicle Board); *Kavanaugh*, 231 S.W.2d at 756 (Texas Board of Insurance Commissioners). "The first rule of holes, according to an old saying, is to stop digging." *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 702 (7th Cir. 2014).

James P. Sullivan
Justice

**OPINION FILED:** June 19, 2026

3